UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN S. I., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-279-CDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), (2). For the reasons set forth below, the Court **affirms** the Commissioner's decision denying benefits.

**I.    Standard of Review**

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d)(1), Kilolo Kijakazi is substituted as the defendant in this action, effective upon her appointment as Acting Commissioner of Social Security in July 2021. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "'is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence.'" *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citing *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Thus, the court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178 (quoting *Knight*, 756 F.3d at 1175).

**II.     Procedural History**

Plaintiff filed an application for social security disability benefits under Title II of the Social Security Act (Act) on December 14, 2016, alleging a disability onset date of June 27, 2016. Plaintiff alleged that he became disabled due to cervical osteoarthritis, numbness in the left upper extremity, and migraine headaches. Plaintiff was 55 years old

on the alleged onset date and had previously worked as a dentist for approximately 30 years. (R. 105).

The Commissioner denied Plaintiff's application on May 18, 2017. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ).[2] The ALJ held a hearing by videoconference on June 11, 2019. Testimony was given by the Plaintiff and a Vocational Expert (VE). On July 2, 2019, the ALJ issued a decision denying disability benefits. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review on April 13, 2020. As a result, the ALJ's decision became the final decision of the Commissioner. Plaintiff then timely appealed to the district court. Accordingly, the Court has jurisdiction to review the ALJ's July 2, 2019 decision under 42 U.S.C. § 405(g).

## III. The ALJ's Decision

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the claimant has an impairment or a combination of impairments that is severe. At step three, the ALJ determines whether the claimant's severe impairment or combination of impairments is equivalent to one that is listed in the

---

[2] The Court notes that Plaintiff resided in California at the time of his application and the hearing before the ALJ. Plaintiff and his representative appeared by video from Los Angeles. (R. 13, 100-101). However, Plaintiff subsequently changed his residence to Mayes County, Oklahoma, where he resided when he filed complaint for judicial review. (Doc. 2). Thus, jurisdiction in this Court is proper based on Plaintiff's stated residence at the time of filing his complaint.

applicable regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (internal quotation and citation omitted); *see* 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpt. P, App'x 1 (Listings). At step four, the claimant must show that her impairment or combination of impairments prevents her from performing her previous work.

The claimant bears the burden on steps one through four. *Lax*, 489 F.3d at 1084. If the claimant satisfies this burden, thus establishing a prima facie case of disability, the burden of proof shifts to the Commissioner to show at step five that the claimant retains the capacity to perform other work available in the national economy, in light of the claimant's age, education, and work experience. *Id*.

Here, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 27, 2016. (R. 15). At step two, the ALJ determined that Plaintiff has a severe impairment of degenerative disc disease of the cervical spine. *Id*. The ALJ also found non-severe impairments, including headache disorder, hyperlipidemia, and esophagitis. (R. 15-16). At step three, the ALJ found that Plaintiff's physical and mental impairments do not meet or equal the criteria for any Listing. (R. 16). In reaching this conclusion, the ALJ specifically addressed Listing 1.04 in connection with Plaintiff's degenerative disc disease of the cervical spine, and explained why the evidence does not satisfy the criteria for that Listing. *See id*.

At step four, the ALJ determined that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can perform all postural activities on an occasional basis. [Plaintiff] can occasionally reach overhead with his bilateral upper

extremities. He can occasionally push and pull with his left upper extremity. [Plaintiff] can frequently handle and finger with his left upper extremity.

*Id*. Citing the VE's hearing testimony in response to a hypothetical reflecting these limitations, the ALJ found that Plaintiff can return to his past relevant work as a dentist. (R. 18-19). Accordingly, the ALJ found Plaintiff not disabled at step four.

## IV. Discussion

### A. Plaintiff's Arguments

Plaintiff objects to the RFC determination, arguing that the evidence supports a more restrictive RFC that would preclude Plaintiff's past work as a dentist. Plaintiff also argues that the VE's testimony conflicted with the Dictionary of Occupational Titles (DOT) regarding the physical requirements of Plaintiff's past relevant work as a dentist. However, for the reasons set forth below, the ALJ's decision must be affirmed.

### B. Substantial Evidence Supports the RFC Determination.

Plaintiff objects to the finding that he can perform frequent handling and fingering with the left upper extremity. "The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart,* 385 F.3d 1268, 1271 (10th Cir. 2004) (citation omitted).

Here, the RFC determination is consistent with the opinions of consultative examiner Sohail K. Afra, M.D. and state agency reviewing physician H.M. Estrin, M.D. (*See* R. 123, 344). Both physicians opined that Plaintiff can perform a restricted range of light work involving frequent use of the left hand for manipulative functions, among other

5

restrictions. (*See* R. 123, 344). The ALJ properly accorded substantial weight to the opinions of these examiners. (R. 18). As such, the RFC determination is supported by substantial evidence. *See* 20 C.F.R. § 404.1527(c) (applicable to claims filed before March 27, 2017) (listing factors used in weighing medical opinions)).

Plaintiff notes that the record contains objective medical evidence supporting his allegations, including imaging showing degenerative disc changes, foraminal narrowing, and decreased left hand grip strength. (*See, e.g.*, R. 311, 341-342, 391). Plaintiff also notes that treatment records reflect complaints of neck pain and upper extremity paresthesias. In March 2016, prior to Plaintiff's alleged disability onset date, Brooks Michaels, M.D. noted that Plaintiff had been "working 28 hours per week, which is his baseline for 10-15 years. But maintaining these hours is progressively more difficult." (R. 334).

The existence of conflicting evidence in the record, alone, does not deprive the ALJ's findings of substantial support in the record. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). Moreover, many of the same documents cited by Plaintiff contain evidence supporting the RFC determination. (*See, e.g.*, R. 342 (wrist movement and hand flexion and extension were within normal limits bilaterally)). In February 2017, Plaintiff reported that radicular symptoms had improved. *Id.* (citing R. 336). During subsequent pain management appointments in 2017 and 2018, Plaintiff reported continuing pain in his neck, arm, and headaches, and numbness in the left arm, as well as stiffness and neck pain worsened with flexion and extension; however, Plaintiff had moderate relief of his symptoms with prescribed medication and said the numbness of his left arm and shoulder had been

"manageable." (R. 374-393). Additionally, as the ALJ noted, on another occasion in 2018, Plaintiff "denied musculoskeletal, neck, or back pain . . . , which was consistent with a normal examination conducted at the time." (R. 17). Plaintiff also "informed his pain management provider that he was able to maintain . . . activities of daily living and function with his current opioid therapy without any side effects." *Id*.

The ALJ accounted for Plaintiff's degenerative disc disease of the cervical spine, finding it is a severe impairment at step two of his analysis. (R. 15). As explained in the ALJ's decision, based on the medical and opinion evidence, the ALJ determined that the postural and other limitations in the RFC were appropriate. (R. 17-18). Nothing further was required. Where substantial evidence supports the ALJ's decision, as it does here, the fact that Plaintiff would weigh the evidence differently does not constitute reversible error. *See Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007) (on appeal, court reviews only sufficiency of evidence, not its weight); *Lax*, 489 F.3d at 1084 (court may not reweigh evidence and displace agency choice between two fairly conflicting views).

C. **Substantial Evidence Supports the ALJ's Finding that Plaintiff Can Perform His Past Relevant Work as a Dentist.**

Plaintiff points to comments made by Dr. Michaels on a form entitled "Disabled Dentist Application for Waiver of 50% of License Renewal Fee," dated February 1, 2017. (*See* R. 325). Dr. Michaels stated that Plaintiff "has had cervical spine neuropathy affecting his upper extremities and has contributed to chronic pain." *Id*. Dr. Michaels checked a box indicating that Plaintiff's condition is permanent. *Id*. However, this document does not establish that Plaintiff is disabled under the rules applicable to Social Security benefits. A

7

determination of disability by another agency is not binding on the Commissioner. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005). As the Commissioner explained in a May 18, 2017 letter regarding Plaintiff's claim, "there are many types of disability programs, both government and private, which use different rules," and "[a] person may be receiving benefits under another program and still not be entitled under our rules. This may be true in [Plaintiff's] case." (R. 128).

Moreover, the form completed by Dr. Michaels does not define "disability" or state the criteria for determining whether a person is disabled for the purpose of the 50% license renewal fee waiver. Nor was the ALJ obligated to accord any special significance to Dr. Michaels' comments under the treating physician rule. Under the rules applicable to Plaintiff's application for benefits, no special deference is due to the opinion of a treating physician on issues that are reserved to the Commissioner, such as whether an individual can perform his or her past relevant work. *See* 20 C.F.R. § 404.1527(d); SSR 96-5p.[3] Thus, Dr. Michaels' comments do not satisfy Plaintiff's burden at step four to show that he is unable to perform his past relevant work.

Plaintiff also argues that the VE's testimony conflicts with the DOT. The VE opined that Plaintiff can perform his past relevant work based on the same limitations included in the RFC determination. However, Plaintiff contends that the DOT definition of his past relevant work as a dentist requires more than occasional overhead reaching with the

---

[3] SSR 96-5p has been rescinded and replaced, but still applies to claims that were filed prior to March 27, 2017, such as Plaintiff's Title II application.

bilateral upper extremities and more than occasional pushing and pulling with the left upper extremity.

In assessing a claimant's ability to do past relevant work, an ALJ must: 1) evaluate the claimant's RFC; 2) determine the demands of the claimant's past relevant work; and 3) compare the claimant's RFC with his past relevant work to determine whether the claimant can do this work. *See* S.S.R. 82-62, 1982 WL 31386, *2-3; *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "An ALJ may rely on information supplied by the VE at step four." *Doyal*, 331 F.3d at 761 (internal citation omitted). An ALJ is permitted to "quote the VE's testimony approvingly, in support of his own findings at phases two and three of the [step-four] analysis." *Id*. In contrast, an ALJ may not "make RFC findings and then to delegate the remaining phases of the step four analysis to the [VE], because in such cases, 'the remainder of the step four assessment takes place in the VE's head' and 'we are left with nothing to review.'" *Id*. (citing *Winfrey v. Chater,* 92 F.3d 1017, 1025 (10th Cir. 1996)). "[W]hile the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Winfrey*, 92 F.3d at 1025.

Plaintiff argues that the VE's testimony did not accurately reflect the demands of Plaintiff's past relevant work as a dentist. The DOT describes the job of dentist as follows:

> Diagnoses and treats diseases, injuries, and malformations of teeth and gums, and related oral structures: Examines patient to determine nature of condition, utilizing x rays, dental instruments, and other diagnostic procedures. Cleans, fills, extracts, and replaces teeth, using rotary and hand instruments, dental appliances, medications, and surgical implements. Provides preventive dental services to

9

> patient, such as applications of fluoride and sealants to teeth, and education in oral and dental hygiene.

*DOT* # 072.101-010 (1991). Plaintiff notes that, per the Selected Characteristics of Occupations (SCO) portion of the DOT, the job of dentist also requires frequent reaching. *See Selected Characteristics of Occupations*, Part A, at 25 (1993). Reaching is defined by the SCO as "extending hand(s) and arm(s) in any direction." *Id*. Plaintiff argues that the requirement of frequent reaching exceeds an RFC that is limited to occasional reaching overhead bilaterally and occasionally pushing and pulling with the left upper extremity.

In his decision, the ALJ explained his conclusion that Plaintiff's "past relevant work as a Dentist . . . does not require the performance of work-related activities precluded by [his RFC]":

> I accept the [VE]'s testimony in this regard based upon his education and experience. The [VE] testified that [Plaintiff's] past work is categorized as a Dentist, (DOT) # 072.101-010, light as generally performed, light as actually performed, skilled at [SVP] 8. . . .
>
> In comparing [Plaintiff's RFC] with the physical and mental demands of [Plaintiff's past relevant work as a Dentist], I find that [Plaintiff] is able to perform it as it is generally performed. Upon questioning by me, the [VE] testified that if an individual had [Plaintiff's RFC], such an individual could perform [Plaintiff's] past relevant work as a Dentist. Further, according to the [VE], his testimony at the hearing was consistent with the [DOT]. Accordingly, in comparing [Plaintiff's RFC] with the physical and mental demands of his work, I find that [Plaintiff] is able to perform his past relevant work as a Dentist as actually and generally performed.

(R. 18-19).

In response to the ALJ's questioning at the hearing, the VE indicated that her testimony was consistent with the DOT. (R. 113 (Q: "So in the RFC, as per the DOT, that

hypothetical individual could still do their past job." Q: Would that be as actually performed or as per the [DOT] or both, in your opinion? A: I believe both.").[4] Plaintiff argues that the ALJ had a duty to inquire further about the requirements of Plaintiff's past relevant work in light of the limitations found in the use of Plaintiff's upper extremities. "When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT." SSR 00-04p. The ALJ did so here, as noted above.

"If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict." *Id*. However, "[f]or a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016); *see also Brown v. Berryhill*, No. 17-cv-00556-GKF-GBC, 2019 WL 2488730, at *6 (N.D. Okla. 2019) (unpublished) (citing

---

[4] After obtaining the VE's testimony regarding Plaintiff's past relevant work based on the limitations in the RFC determination, the ALJ further questioned the VE regarding additional hypothetical limitations. The VE testified that the individual would not be able to perform the job of dentist with the additional limitation of occasional handling and/or fingering with the left upper extremity. (R. 113).

*Gutierrez*) (finding ALJ "was not required to ask more specific follow-up questions" of the VE, where "based on the DOT descriptions, no apparent or obvious conflict existed").[5]

Here, the requirements of a dentist, as set forth in the DOT, are not obviously or apparently in conflict with a limitation to occasional overhead reaching or to occasional pushing and pulling with the left upper extremity. The functions described in the DOT largely consist of operations performed on a patient; as dental patients are commonly understood to be sitting in a reclining position, it is unlikely that a dentist would need to reach overhead more than two-thirds of the time (i.e., more than "frequently") to perform these tasks. *See, e.g., Gutierrez*, 844 F.3d at 804 ("[W]here the job itself is a familiar one—like cashiering—less scrutiny by the ALJ is required" as to potential conflicts with the DOT). Nor is it obvious that a dentist would be required to use the left upper extremity more than occasionally for pushing and pulling, particularly where the individual, like Plaintiff, is unlimited in using his dominant right hand for those functions. *See* SSR 83-10; *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007) (unpublished) (holding, where VE "was aware of [the claimant's] limitations on overhead reaching," that VE's testimony that claimant could perform certain jobs requiring frequent reaching was substantial evidence, as DOT did not specify that frequent *overhead* reaching was required); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (stating that a court

---

[5] Under 10th Cir. R. 32.1(A), "[u]npublished decisions are not precedential, but may be cited for their persuasive value."

reviewing an ALJ's decision under § 405(g) "should, indeed must, exercise common sense. . . . [W]e cannot insist on technical perfection.").[6]

Here, the burden remained with Plaintiff to show that his medically determinable impairments prevent him from performing his past work as a dentist. *See Lax*, 489 F.3d at 1084. Plaintiff was represented by counsel at the hearing, yet Plaintiff's counsel did not ask the VE any follow-up questions regarding the overhead reaching or pushing/pulling required of a dentist. (*See* R. 113-114). As such, the ALJ properly relied on the VE's testimony that a hypothetical individual with Plaintiff's RFC can perform Plaintiff's past relevant work. *See Branum*, 385 F.3d at 1271 (an ALJ is generally entitled to "rely on the claimant's counsel to structure and present the claimant's case in a way that [his] claims are adequately explored.").

## V.    Conclusion

For the reasons set forth above, the Court finds the ALJ's decision is supported by substantial evidence and reflects application of the proper legal standards. Therefore, the decision of the Commissioner finding Plaintiff not disabled for the relevant period is **affirmed**.

ORDERED this 28th day of September, 2021.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge

---

[6]   As the Commissioner notes, Plaintiff testified that he is right-handed. (*See* R. 102).